Opinion
 

 MERRILL, Acting P. J.
 

 This petition challenges an order enjoining petitioner from using in any way the sum of $125,000 held in any bank account. We conclude that the court exceeded its authority.
 

 Petitioner Thaddeus C. Doyka borrowed $125,000 from the Lord Trust through its trustee John A. Lord, upon a promise to secure the loan with a second deed of trust on property at 2572-2588 Pine Street in San Francisco. For reasons known best to Doyka, instead of a second deed of trust on the three related parcels at that address, he secured the loan with a third deed of
 
 *628
 
 trust on only the parcel at 2576 Pine Street. At the request of John Lord, the superior court has now enjoined Doyka from “secreting, using, distributing, transferring, or otherwise disposing of all or any portion of funds in the sum of One Hundred Twenty-five Thousand and no/100 ($125,000.00), whether on deposit in The Pacific Bank, or
 
 in any other lending or financial institution
 
 ... for any purpose relating to the construction, renovation, and/or sale or other disposition of all or any portion of the real property and improvements located at 2572-2588 Pine Street, San Francisco, California,
 
 or for any other use or purpose
 
 whatsoever.” (Italics added.)
 

 Doyka asserts that he does not have $125,000 in any bank account or accounts and that the order prevents him from spending any money to meet his payroll or for the necessities of life. He says that the renovation project is over 95 percent complete and all but $900 of the Lord Trust loan has been used for the property improvements. To justify his actions he avers that he gave more than adequate security for the Lord Trust loan. He complains that the court has given the Lord Trust through an injunction more than it could have achieved by a prejudgment attachment and he notes that the court had already denied the Lord Trust’s request for a prejudgment attachment.
 

 In his opposition brief, Lord argues convincingly that Doyka did not fulfill his bargain with the Lord Trust and that the trust should be made whole. We are not convinced, however, that an injunction against use for any purpose of money on deposit in any bank is a proper legal remedy. However “just” the court’s order might appear, it effectively imposes a prejudgment attachment upon all of Doyka’s liquid assets without satisfying the statutory requirements for an attachment. We issue a writ of mandate to compel the court to vacate its injunction.
 

 Lord directs us to two Court of Appeal opinions approving the use of injunctions to prevent dissipation of assets
 
 (West Coast Constr. Co.
 
 v.
 
 Oceano Sanitary Dist.
 
 (1971) 17 Cal.App.3d 693, 700 [95 Cal.Rptr. 169];
 
 Lenard
 
 v.
 
 Edmonds
 
 (1957) 151 Cal.App.2d 764, 769 [312 P.2d 308]). But in each case, the injunction restrained use of identifiable assets for specific purposes. No doubt, under these authorities, the superior court here could have enjoined distribution of the loan funds while they were readily identifiable and separately held. But Lord admits that at the time of the injunction the funds were no longer in The Pacific Bank and he does not dispute Doyka’s assertion that all but a small fraction of the money had already been used for renovation of the properties. By the time the injunction issued, Lord was no
 
 *629
 
 longer trying to prevent dissipation of assets; he was trying to force Doyka to replace them with money from any and all of his bank accounts.
 

 “Attachment is an ancillary or provisional remedy to aid in the collection of a
 
 money demand
 
 by seizure of property
 
 in advance of trial and judgment.
 
 The money or property is held as
 
 security
 
 for eventual satisfaction of the judgment,
 
 unless released
 
 by the giving of other security.” (6 Witkin, Cal. Procedure (3d ed. 1985) Provisional Remedies, § 34, p. 45, italics in original.) But an attachment may not be issued on a claim secured by an interest in real property unless the security has decreased in value to less than the amount owing on the claim (Code Civ. Proc., § 483.010, subd. (b)). And property necessary for the support of the defendant or the defendant’s family is exempt from attachment (Code Civ. Proc., § 487.020, subd. (b)).
 

 It is evident that Lord sought and obtained what was, in effect, a prejudgment attachment without meeting the requirements for such attachment. It is true that the attachment statutes do not preclude the granting of injunctive relief (Code Civ. Proc., § 482.020), but the superior court exceeded its authority with this injunction.
 

 We issue a peremptory writ of mandate in the first instance (Code Civ. Proc., § 1088;
 
 Palma
 
 v.
 
 U.S. Industrial Fasteners, Inc.
 
 (1984) 36 Cal.3d 171, 177-180 [203 Cal.Rptr. 626, 681 P.2d 893]).
 

 Let a peremptory writ of mandate issue directing the San Francisco Superior Court to vacate its preliminary injunction.
 

 Chin, J., and Strankman, J.,
 
 *
 
 concurred.
 

 *
 

 Presiding Justice of the Court of Appeal, First District, Division One, sitting under assignment by the Chairperson of the Judicial Council.